## Case No. 16,894.

### VASSE v. COMEGYSS et al.

[2 Cranch, C. C. 564.] [1]

Circuit Court, District of Columbia. May 3. 1825.

EQUITY JURISDICTION — PARTIES — SUITS AGAINST PUBLIC OFFICERS.

1. Unless some party defendant, against whom an effectual decree can be made, be found within the District of Columbia, the circuit court of that District, as a court of equity, has no jurisdiction of the cause.

2. Officers of the United States holding the public money, as money of the United States, are only accountable to the United States, and are not liable at the suit of an individual, on account of having such money in their hands.

3. Where is the treasury of the United States?

Bill in equity, filed March 12th, 1824. It states that the complainant, Vasse, in 1802, became bankrupt; and the defendants, Cornelius Comegyss and Andrew Petitt, of Philadelphia, are his assignees; and that Samuel Mifflin, of Philadelphia, is their agent, and the agent of certain underwriters of Philadelphia, of whom the complainant, Vasse, was one; and that Samuel Jaudon, of Washington city, in the District of Columbia, is the agent of Mifflin, to receive certain moneys which have been, or it is expected will be awarded to those underwriters, by the commissioners under the late treaty with Spain, for indemnification for certain spoliations upon the commerce of citizens of the United States by French cruisers, and carried into Spanish ports. These losses happened before the complainant became bankrupt, and he had to pay them in consequence of condemnation as prize in the courts of Spain. The bill states the claims which are made before those commissioners in his name, and for losses which he had sustained, and which had been allowed by the commissioners. It states that the complainant at the time of his bankruptcy gave up property and claims to a greater amount than the amount of his debts; but he never gave up or assigned his contingent, possible chance of indemnification by the Spanish government for those losses; nor had he at that time any hope of such indemnification. He states that his assignees had never rendered an account to any person, although they have received large sums. That he may, in a certain event, be entitled to receive out of his estate 5 per cent., but cannot get any account from the assignees, &c. He

[1] [Reported by Hon. William Cranch, Chief Judge.]

prays that they may render an account of their trust before the auditor of this court. That Mifflin and Jaudon may state what amount they claim under the Spanish treaty on the complainant's account, and for whose use they claim it, and that all the defendants may be enjoined from receiving the same, and the treasurer of the United States from paying it, and for general relief.

BY THE COURT. The injunction, which was granted by one of the judges in vacation, extended only to the defendant Jaudon and his agents, he being the only defendant within the jurisdiction of the court; the treasurer, Mr. Tucker, not having been made a defendant, although the bill prayed that he might be enjoined. Publication having been made against the absent defendants who have not appeared, and the defendant, Jaudon, not having answered, the bill is taken for confessed against all the defendants, and set for decree.

The first question is, has this court jurisdiction as to any of the defendants against whom it can make a final decree? The fund out of which the claims are to be paid, are in the treasury of the United States. Where is that? The treasurer resides at Washington, and the head of the department; but is the money there? Can the fund be said to be within the jurisdiction of the court? We think not. The officers of the United States holding the public money, as the money of the United States, are not accountable to anybody but the United States, and are not liable, at the suit of an individual, on account of having such money in their hands.

The defendants, Comegyss and Petitt and Mifflin, against whom only an effectual decree could be made, are not within the jurisdiction of the court. Jaudon alone is within the jurisdiction, but there is no allegation which will authorize a final decree against him. The allegation that he is the agent of Mifflin, the agent of the assignees, is not a sufficient foundation for a decree against those assignees upon the merits of the case. We think, therefore, that the bill ought to be dismissed.

THE COURT (nem. con.) ordered the bill to be dismissed.

